UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MIGUEL GONZÁLEZ-SANTIAGO,

    Defendant.

Criminal No. 3:03-CR-00135-7 (JAF)

**OPINION AND ORDER**

On November 23, 2004, defendant Miguel González-Santiago ("González") was convicted, by plea of guilty, of conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846, and was sentenced to 188 months in prison, to be served consecutively with any undischarged term of imprisonment, followed by five years of supervised release, due to his role as a manager in a drug-dealing operation in Puerto Rico. (ECF Nos. 2 at 2-3; 195 at 12; 250 at 1-3.) On November 7, 2005, the court amended the judgment of conviction to eliminate the statement that González would "serve [his] federal sentence prior to any state sentence." (ECF Nos. 250 at 2; 342 at 2.) On September 22, 2006, the First Circuit Court of Appeals unanimously affirmed the conviction and sentence, finding that González had "enter[ed] into his plea agreement in an intelligent manner" and had "stipulated . . . to a recommended sentence." (ECF No. 355 at 1.) The record does not show that González petitioned the United States

Supreme Court for a writ of certiorari. He has not previously petitioned for writ of habeas corpus.

On or about December 14, 2015, González, who is still in federal prison pursuant to the judgment of this court, filed a petition pro se, moving the court, under Federal Rule of Civil Procedure 60, to alter his sentence to run concurrently, instead of consecutively, based on the allegation that he had pleaded guilty because of his understanding that the sentence was going to be concurrent. (ECF No. 474 at 3.) González asserts that the imposition of a consecutive sentence must have been a "mechanical error" due to the court's "oversight or omission." (ECF No. 474 at 4-5.) González subsequently sent the court a second copy of the petition. (ECF No. 477.)

"We are required to construe liberally a pro se [petition]," but "pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed* v. *Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Trenkler* v. *United States*, 536 F.3d 85, 97 (1st Cir. 2008) (*quoting Melton* v. *United States*, 359 F.3d 855, 857 (7th Cir. 2004)). "[C]ourts regularly have recharacterized imaginatively captioned petitions to reflect that they derive their essence from section 2255 and, thus, must satisfy that section's gatekeeping provisions." *Id.* (*citing United States* v. *Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (re-characterizing a self-styled Rule 60 motion)). "Post-conviction petitions are subject to statutes of limitations." *Turner* v. *United States*, 699 F.3d 578, 582 (1st Cir. 2012). "The particular limitation for the initial § 2255 petition is

28 U.S.C. § 2255(f)(1), which requires that such a petition be filed within one year of the conviction becoming final." *Id.* (*citing In re Smith*, 436 F.3d 9, 10 (1st Cir. 2006)).

The court finds that the imposition of a consecutive, as opposed to a concurrent, sentence was not a clerical mistake in this case. After all, in González's plea agreement, the validity of which the First Circuit has affirmed, González stipulated that his "sentence shall be consecutive to any undischarged term of imprisonment." (ECF No. 195 ¶ 13.) Thus, the challenged sentence accords with the agreement. Indeed, the court does not find any clerical or oversight-based mistake in the sentence. Accordingly, González does not warrant relief under Rule 60(a).

Insofar as González's self-styled Rule 60 motion challenges the constitutionality of his underlying conviction and argues the merits of his sentencing claim, the court rules that the motion must be treated as a petition for writ of habeas corpus under 28 U.S.C. § 2255. *See Munoz* v. *United States*, 331 F.3d 151, 153 (1st Cir. 2003) (per curiam); *see also Trenkler*, 536 F.3d at 97. However, the petition is time-barred because González filed it approximately nine years after the conviction had become final. *See Turner*, 699 F.3d at 582. Moreover, González has not established any basis for the equitable tolling of the limitations period. *See Ramos-Martínez* v. *United States*, 638 F.3d 315, 322-24 (1st Cir. 2011). Accordingly, he cannot avail himself of habeas relief, either.

In sum, the court **DENIES** the motion filed under ECF Nos. 474 and 477 insofar as it is a Rule 60 motion. The court also **DISMISSES** the motion as untimely insofar as it is a habeas petition under 28 U.S.C. § 2255. The court finds that summary dismissal is appropriate because it appears plainly from the petition that González is not entitled to

any relief.  Rule 4(b), Rules Governing Section 2255 Cases in the United States District Courts (2010); *see also Moreno-Espada* v. *United States*, 666 F.3d 60, 66 (1st Cir. 2012).

When entering a final order adverse to a habeas petitioner under 28 U.S.C. § 2255, the court must determine whether he warrants a certificate of appealability.  Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts.  The court may issue a certificate only upon "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also Jennings* v. *Stephens*, 135 S. Ct. 793, 802 (2015).  No such showing has been made here.  Thus, the court will not grant González a certificate.  He may still seek one directly from the First Circuit under Federal Rule of Appellate Procedure 22(b)(1).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 4th day of February, 2016.

                                                            S/José Antonio Fusté
                                                            JOSE ANTONIO FUSTE
                                                            U. S. DISTRICT JUDGE